IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

APRIL D. SEAL                                                                                          PLAINTIFF

v.                                              CIVIL NO. 22-3006

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                                                DEFENDANT

## MEMORANDUM OPINION

Plaintiff, April D. Seal, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for DIB on September 27, 2018, alleging an inability to work since May 18, 2015,[1] due to degenerative disc disease, type 2 diabetes, major depressive disorder/anxiety, chronic pain syndrome, left and right foot problems, ankle and leg instability, muscular spasms, shaking of the hands and legs, weight increase, and neuropathy/stress. (Tr. 104, 260). For DIB purposes, Plaintiff maintained insured status through June 30, 2020. (Tr. 18, 37, 103, 260). An administrative video hearing was held on May 28, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 35-74).

By written decision dated June 17, 2021, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 19).

---

[1] Plaintiff, through her counsel, amended her alleged onset date to January 5, 2018. (Tr. 16, 41).

1

Specifically, the ALJ found that through the date last insured Plaintiff had the following severe impairments: diabetes mellitus with neuropathy, peripheral vascular disease, degenerative disc disease, osteoarthritis, status-post right ankle fusion, depression, anxiety and obesity. However, after reviewing all of the evidence presented, the ALJ determined that through the date last insured Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 19). The ALJ found that through the date last insured Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except this individual can never climb ladders, ropes, or scaffolding, and is limited to occasionally stooping, crouching, bending, kneeling, crawling, and balancing. This individual must avoid concentrated exposure to excessive vibrations and cannot work at unprotected heights. Additionally, this individual must be able to ambulate on level surfaces. Mentally, this individual can make simple work related decisions; maintain concentration, persistence, and pace for simple tasks; can understand, carry out, and remember simple work instructions and procedures; can adapt to changes in the work setting that are simple, predictable, and can be easily explained; and can tolerate occasional and superficial interaction with co-workers, supervisors, and the public.

(Tr. 21). With the help of a vocational expert, the ALJ determined that through the date last insured Plaintiff could perform work as a document preparer and an addresser. (Tr. 27).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who after reviewing additional evidence submitted by Plaintiff denied that request on December 21, 2021. (Tr. 1-4). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 14, 16).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issues on appeal: 1) The ALJ erred in determining Plaintiff's mental RFC; and 2) The ALJ's decision denying benefits is not supported by substantial evidence. (ECF No. 14). Defendant argues the ALJ properly considered all of the evidence and the decision is supported by substantial evidence. (ECF No. 21).

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on June 30, 2020. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of January 5, 2018, her amended alleged onset date of disability, through June 30, 2020, the last date she was in insured status under Title II of the Act. In order for Plaintiff to qualify for DIB, she must prove that on or before the expiration of her insured status she was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. *Basinger v. Heckler*, 725 F.2d 1166, 1168 (8th Cir. 1984).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. The ALJ considered the medical assessments of the non-examining agency medical consultants, Plaintiff's subjective complaints, and her medical records when he determined Plaintiff could perform sedentary work with limitations. With each medical opinion, the ALJ stated how persuasive he found each opinion and articulated the basis for his finding. The ALJ also took Plaintiff's obesity into account when determining Plaintiff's RFC. *Heino v. Astrue*, 578 F.3d 873, 881-882 (8th Cir. 2009) (when an ALJ references the claimant's obesity during the claim evaluation process, such review may be sufficient to avoid reversal). While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). The Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 31st day of March 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE